IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CV-008-RWS |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP. | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT CONFIDENTIALITY ORDER

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Confidentiality Order:

1.  This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

2. Confidential Material, as used in this Order, consists of the following materials and categories of materials:

   a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Georgia Civil Practice Act and any applicable case law interpreting Georgia Civil Practice Act; contracts; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

   b. Materials containing corporate trade secrets, nonpublic research and development data, pricing formulas, inventory management programs, other strategic sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

   c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3. If any party seeks to designate additional documents or categories of documents produced by any other party as Confidential Material, it will be the burden of the party seeking protected status to move for a court order designating the materials as confidential after the parties confer.

4. The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

5. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

    a. Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER"" legend to the designated pages and segregate them as appropriate.

c. Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the party who disclosed such information shall take

reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is Confidential.

6. Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Qualified recipients of materials marked "Highly Confidential – Attorneys' Eyes Only " shall include only the following: In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each, as well as the Court and its staff. Confidential Material shall not be disclosed to any outside experts or consultants who are current or former employees or current or former consultants of a direct competitor of any party named in the litigation. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer or permit disclosure of any Confidential Material, its contents, or any portion

or summary thereof. Disputes concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any Confidential Material.

7. The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information) (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people, within documents that contain relevant information.

8. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

9. The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action

or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect Confidential Material.

10. Nothing in this Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of material as confidential, he or she first shall promptly attempt to resolve the dispute with the designating party's counsel, and if the parties are unable to resolve the dispute, then within thirty days of impasse, the designating party shall file a motion for protective order seeking a determination of whether the material in dispute should maintain its confidential designation. Pending resolution of any challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

11. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge in a manner other than by violation of this Order.

12. Confidential Material may only be filed in the record of the case under seal in a manner prescribed by the Court for such filings.

13. In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court as described in paragraph 12 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THE COURT OR THOSE ATTORNEYS.

14. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Party, promptly <u>destroy all</u> documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. Notwithstanding this provision, counsel is entitled to retain any attorney work product.

15. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand

(collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

16.  In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their

counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

17. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

18. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.

**IT IS SO ORDERED.**

This 13th day of January, 2023.

                                                 s/Steve C. Jones
                                                 The Honorable Steve C. Jones
                                                 Judge, United States District Court

**CONSENTED TO BY:**

| | |
|---|---|
| /s/ Matthew J. Hurst | /s/ Anthony J. Herro |
| Matthew J. Hurst | Anthony J. Herro, Esq. |
| (Georgia Bar No. 480267) | (State Bar No. 402527) |
| WALDON ADELMAN | THE HERRO LAW FIRM |
| CASTILLA HIESTAND & PROUT | 3495 Piedmont Rd., NE |
| 900 Circle 75 Parkway, Suite 1040 | Eleven Piedmont Center, Suite 824 |
| Atlanta, GA 30339 | Atlanta, GA 30305 |
| (770) 953-1710 | 404-433-6876 |
| mhurst@wachp.com | anthony@herrolaw.com |
| *Attorney for Walmart* | *Attorney for Plaintiff* |

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court and Local Rule 5.1B.

This 11 day of January, 2023.

                                        WALDON ADELMAN CASTILLA
                                      HIESTAND & PROUT

                                      /s/ Matthew J. Hurst
                                      Hilliard V. Castilla
                                      Georgia Bar No. 116123
                                      Matthew J. Hurst
                                      Georgia Bar No. 480267
                                      Attorneys for Wal-Mart Stores East, LP.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
HCastilla@wachp.com
MHurst@wachp.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ANTHONY GOINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:23-CV-008-RWS |
| vs. ) | |
| ) | |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I have on this date served upon counsel for all parties in the foregoing matter a true and accurate copy of CONSENT CONFIDENTIALITY ORDER with the Clerk of Court using the CM/ECF System. The clerk will serve counsel of record as follows:

Anthony J. Herro, Esq.<br>
The Herro Law Firm<br>
3495 Piedmont Rd., NE<br>
Eleven Piedmont Center, Suite 824<br>
Atlanta, GA 30305<br>
anthony@herrolaw.com

This <u>11</u> day of January, 2023.

**[SIGNATURE ON NEXT PAGE]**

|  |  |
|---|---|
|  | WALDON ADELMAN CASTILLA HIESTAND & PROUT |
|  | /s/ Matthew Hurst<br>Matthew J. Hurst<br>Georgia Bar No. 480267<br>Attorneys for Walmart Stores East, LP. |
| 900 Circle 75 Parkway<br>Suite 1040<br>Atlanta, Georgia 30339<br>(770) 953-1710<br>mhurst@wachp.com |  |